UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
LUIS UREÑA, on behalf of himself and all
others similarly situated,

                    Plaintiff,

-against-

PARAMOUNT CHOICE SERVICES, INC.,

                    Defendant.
--------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

      Plaintiff Luis Ureña ("Mr. Ureña" or "Plaintiff"), on behalf of himself and all others

similarly situated, by and through his counsel, Bell Law Group PLLC, as and for his First

Amended Complaint in this action against Defendant Paramount Choice Services, Inc.

("Paramount" or "Defendant"), hereby alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      This action is brought to redress Defendant's unlawful wage practices.

2.      In particular, Defendants failed to pay Plaintiff and all others similarly situated

proper overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201,

*et seq.* and the New York Labor Law ("NYLL"), §§ 650, *et seq.*

3.      Defendants also failed to provide Plaintiff and all others similarly situated with

accurate wage statements in violation of NYLL § 195.

4.      Plaintiff's claims under the FLSA are brought as a collective action, pursuant to

29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated persons who

were/are employed by Defendant in the same or similar positions as Plaintiff who were/are not

paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in

excess of forty (40) hours per workweek for the period of three (3) years before the date of this

filing to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiff and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

5.      Members of the FLSA Collective are similarly situated because they were all subject to Defendant's common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek during the FLSA Collective Period.

6.      Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of himself and on behalf of all other similarly situated persons who were/are employed by Defendant in the same or similar positions as Plaintiff who were/are not: (1) paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek; and (2) provided accurate wage statements, for the period of six (6) years before the date of this filing to the date of the final disposition of this action (the "NYLL Class Period"). Plaintiff and all other such similarly situated persons are jointly referred to herein as the "NYLL Class."

7.      Members of the NYLL Class are similarly situated because they were all subject to Defendant's common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek and were not provided accurate wage statements during the NYLL Class Period.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction over this action because the action involves the deprivation of Plaintiff's rights under the FLSA pursuant to 28 U.S.C. §§ 1331 and

1343. The Court has supplemental jurisdiction over Plaintiff's claims under the NYL pursuant to 28 U.S.C. § 1367(a).

9.       Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant is a domestic business corporation doing business in the State of New York and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

10.      Plaintiff Luis Ureña is a resident of the State of New York, residing at 770 East 166th Street, Bronx, NY 10456.

11.      At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of all applicable statutes.

12.      Defendant Paramount Choice Services, Inc. is a New York corporation with a principal place of business at LaGuardia Airport in Queens, New York.

13.      At all relevant times, Defendant Paramount Choice Services, Inc. is a business tasked with the responsibility of providing maintenance and cleaning services at LaGuardia Airport, in Queens, New York.

14.      At all relevant times, Plaintiff was an "employee" of Paramount Choice Services, Inc. responsible for handling daily cleaning and maintenance at LaGuardia Airport, in Queens, New York.

15.      At all relevant times, Defendant was an "employer" within the meaning of all applicable statutes, and an enterprise engages in commerce as defined by FLSA §§ 203(r) and (s), with annual gross volume business in an amount not less than $500,000.

## FACTUAL ALLEGATIONS

16.      Plaintiff began working for Defendant on or about June 3, 2014.

17.   Plaintiff was employed as a laborer/employee with daily duties consisting of cleaning and general maintenance at LaGuardia Airport, Queens, New York.

18.   For more than the first year of his employment, Plaintiff worked seven (7) days per week, at least eight (8) hours per day, thus working a minimum of fifty-six (56) hours per week.

19.   Plaintiff would sometimes be assigned a day shift and a night shift in the same day, bringing his workday to sixteen (16) hours, with a weekly hourly total of approximately seventy (70) hours.

20.   Starting in 2016, Plaintiff began working six (6) days per week, for a minimum of eight (8) hours per day, for a total of at least forty-eight (48) hours per week.

21.   Plaintiff and the FLSA Collective and NYLL Class were/are paid by check for the first forty (40) hours they worked, with the remainder being paid in cash.

22.   Plaintiff was paid $10 per hour for each hour worked, regardless of whether he worked overtime.

23.   Defendant also failed to provide Plaintiff and the NYLL Class with an accurate statement or notice of their wages, hour worked, rate of pay, overtime rate of pay, or other information required by NYLL § 195.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.   Plaintiff brings his FLSA claims as a collective action pursuant to the FLSA on behalf of himself and on behalf of the FLSA Collective.

25.   The basic job duties of the FLSA Collective were/are the same as or substantially similar to those of Plaintiff, and the FLSA Collective were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

26.     The FLSA Collective, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendant, including failing to pay overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

27.     During the FLSA Collective Period, Defendant was fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

28.     As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C. § 207.

29.     Defendant's violations of the aforementioned statute were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

30.     As a result of Defendant's conduct, Defendant is liable to Plaintiff and the FLSA Collective for the full amount of their overtime, an additional equal amount in liquidated damages, attorneys' fees and costs incurred by Plaintiff and the FLSA Collective and pre- and post-judgment interest.

31.     While the exact number of members of the FLSA Collective is unknown to Plaintiff at the present time, upon information and belief, there are over 20 other similarly situated persons who were/are employed by Defendant in similar positions during the FLSA Collective Period.

32.     Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendant should be required to provide Plaintiff with a list of all persons employed by Defendant in similar positions during the FLSA Collective Period, along with their

last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the FLSA
Collective notice of this action and an opportunity to make an informed decision about whether
or not to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

33.　　Plaintiff brings his NYLL claims as a class action pursuant to FRCP 23 on behalf
of himself and on behalf of the NYLL Class.

34.　　The basic job duties of the NYLL Class were/are the same as or substantially
similar to those of Plaintiff, and the NYLL Class were/are paid in the same manner and under the
same common policies, plans and practices as Plaintiff.

35.　　The NYLL Class, like Plaintiff, all have been subject to the same unlawful
policies, plans and practices of Defendant, including failing to pay overtime at a rate of one and
one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per
workweek and failing to provide accurate wage statements.

36.　　During the NYLL Class Period, Defendant was fully aware of the duties
performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the
overtime or other provisions of the NYLL.

37.　　As a result of Defendant's conduct as alleged herein, Defendant violated the
NYLL.

38.　　Defendant's violations of the aforementioned statutes were willful, repeated,
knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the
NYLL Class.

39.　　As a result of Defendant's conduct, Defendant is liable to Plaintiff and the NYLL
Class for the full amount of their overtime, an additional equal amount in liquidated damages,

attorneys' fees and costs incurred by Plaintiff and the NYLL Class and pre- and post-judgment interest in the statutory amount of 9% per annum.

40.     Certification of the NYLL Class members' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the NYLL Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendant's unlawful compensation policies and practices have had on him individually and on members of the NYLL Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with the attendant risk of inconsistent adjudications and conflicting obligations. Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class and Defendant.

41.     Plaintiff's claims raise questions of law and fact common to the NYLL Class, including, but not limited to:

        a.  Whether Defendant failed to pay Plaintiff and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek during the NYLL Class Period;

        b.  Whether Defendant's failure to pay overtime to Plaintiff and the NYLL Class constitutes a violation of NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2;

        c.  Whether Defendant failed to provide Plaintiff and the NYLL Class with accurate wage statements;

        d.  Whether Defendant's failure to provide accurate wage statements constitutes a violation of NYLL § 195; and

        e.  Whether Defendant's violations of the NYLL and/or its regulations were willful.

42.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

43.     Plaintiff is a member of the NYLL Class that he seeks to represent. Plaintiff's claims are typical of the claims of the NYLL Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

44.     Plaintiff's interests are co-extensive with those of the NYLL Class that he seeks to represent. Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and his counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of FRCP 23(a)(4).

45.     Defendant has acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

46.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendant's individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

47.     The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class, including the common issues identified above, predominate over any issues affecting only individual claims.

48.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

49.     The cost of proving Defendant's violations of the NYLL and its regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of Plaintiffs litigating identical claims. The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove Defendant's liability.

50.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 20 other similarly situated persons who were/are employed by Defendant in similar positions during the NYLL Class Period.

51.     Plaintiff is currently unaware of the identities of the NYLL Class. Accordingly, Defendant should be required to provide Plaintiff with a list of all persons employed by Defendant in similar positions during the NYLL Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

### FIRST CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of 29 U.S.C. § 207)**

52.     Plaintiff, on behalf of himself and the FLSA Collective, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

53.     The FLSA requires covered employers, such as Defendant, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.  Plaintiff and the FLSA Collective were not exempt from the requirement that Defendant pay them overtime under the FLSA.

54.     During the FLSA Collective Period, Defendant knew that Plaintiff and the FLSA Collective worked more than forty (40) hours per workweek for Defendant.  However, Defendant intentionally did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

55.     As a result of Defendant's failure to pay Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendant violated the FLSA.

56.     The foregoing conduct of Defendant constitutes willful violations of the FLSA.

57.     Defendant's violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2)**

58.     Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

59.    NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 require a covered employer, such as Defendant, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek in the manner and methods provided in the FLSA. Plaintiff and the NYLL Class were not exempt from the requirement that Defendant pay them overtime under the NYLL and/or its regulations.

60.    During the NYLL Class Period, Defendant knew that Plaintiff and the NYLL Class worked more than forty (40) hours per workweek for Defendant. However, Defendant intentionally did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

61.    As a result of Defendant's failure to pay Plaintiff and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendant violated the NYLL and its regulations.

62.    The foregoing conduct of Defendant constitutes willful violations of the NYLL and its regulations.

63.    Defendant's violations of the FLSA have significantly damaged Plaintiff and the NYLL Class and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest at the statutory rate of 9% per annum.

### THIRD CAUSE OF ACTION
**(Failure to Provide Accurate Wage Statements in Violation of NYLL § 195)**

64.    Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

65.     NYLL § 195 requires a covered employer, such as Defendant, furnish accurate wage statements to their employees with every payment of wages.  Plaintiff and the NYLL Class were not exempt from this requirement.

66.     Defendant failed to furnish accurate wage statements to Plaintiff and the NYLL Class, in violation of NYLL § 195 by, *inter alia*, failing to provide Plaintiff and the NYLL Class with accurate statements of their full wages, hours worked, rates of pay, overtime rates of pay or other information required by NYLL § 195.

67.     The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

68.     Defendant's violations of the NYLL have significantly damages Plaintiff and the NYLL Class and entitles them to recover damages of $250 per person affected for each day that such violations occurred, up to a total of $5,000 per person affected, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest at the statutory rate of 9% per annum.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself, the FLSA Collective and the NYLL Class, respectfully requests that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendant to provide Plaintiff with a list of all persons who were/are employed by Defendant in similar positions to Plaintiff during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff

can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.     Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendant's violations of the FLSA, and award those damages against Defendant and in favor of Plaintiff and the FLSA Collective, an additional equal amount in liquidated damages, attorneys' fees and costs and such pre- and post-judgment interest as may be allowed by law;

D.     Declare this action to be maintainable as a class action pursuant to FRCP 23, and direct Defendant to provide Plaintiff with a list of all persons who were/are employed by Defendant in similar positions to Plaintiff during the NYLL Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

E.     Designate Plaintiff as representative of the NYLL Class, and his counsel of record as class counsel;

F.     Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendant's violations of the NYLL, and award those damages against Defendant and in favor of Plaintiff and the FLSA Collective, an additional equal amount in liquidated damages, attorneys' fees and costs and such pre- and post-judgment interest as may be allowed by law;

G.     Enjoin Defendant from engaging in any acts of illegal retaliation; and

H.     Grant Plaintiff, the FLSA Collective and the NYLL Class such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and on behalf of the FLSA Collective and the NYLL Class, hereby demands a trial by jury on all issues of fact and damages.

Dated: March 15, 2019
       Garden City, New York

                          Respectfully submitted,

                          BELL LAW GROUP, PLLC

                          By: _____ /s/ _____
                                Darryn Solotoff, Esq.

                          100 Quentin Roosevelt Boulevard, Suite 208
                          Garden City, NY 11530
                          Tel: (516) 280-3008
                          Fax: (212) 656-1845
                          DS@Belllg.com

                          *Attorneys for Plaintiff*